IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COMMISSIONER OF INSURANCE OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>MMM HEALTHCARE, INC., PMC MEDICARE CHOICE, INC., AND MSO OF PUERTO RICO, INC.,<br><br>Defendants. | CIV. NO. 22-1037 (SCC) |

**OPINION AND ORDER**

Defendants MMM Healthcare, Inc., PMC Medicare Choice, Inc., and MSO of Puerto Rico, Inc., are healthcare organizations that removed this case from an executive agency called the Office of the Commissioner of Insurance of Puerto Rico ("OCI"). OCI moves to remand, arguing, among other things, that the defendants' notice of removal is untimely. We agree and thus grant its motion.

OCI is investigating whether the defendants violated Puerto Rico's Insurance Code. It has ordered them to hand over documents related to their provider relationships and sanctioned them for not complying with its requests. The

defendants claim that it lacks jurisdiction to do these things. Having raised this argument before OCI administratively to no avail, they removed the case here. OCI now moves to remand on the grounds that the defendants' notice of removal is untimely, this case is not removable, and there is no federal question to confer subject-matter jurisdiction. Docket No. 11.

We begin and end with timeliness. First, the basics. Defendants may remove a lawsuit that plaintiffs filed in state court to federal court if the federal court would have original jurisdiction over it. *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 107–08 (1st Cir. 2014) (citing 28 U.S.C. § 1441(a)). Defendants have two thirty-day windows to file their notice of removal. *Romulus v. CVS Pharm., Inc.*, 770 F.3d 67, 73 (1st Cir. 2014). The first window opens when defendants receive a copy of plaintiffs' initial pleading. *Id.* (quoting § 1446(b)(1)). The second opens when defendants receive "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . removable." *Id.* (quoting § 1446(b)(3)). After defendants file

their notice of removal, plaintiffs may seek to remand within thirty days if defendants' removal did not comply with statutory requirements (*i.e.*, if it is procedurally defective). § 1447(c). Policing whether defendants' removal is timely falls to the parties and can be waived. *Universal Truck & Equip. Co.*, 765 F.3d at 110 ("Multiple circuits, including this one, have reiterated that . . . § 1447(c) 'effectively assigns to the parties the responsibility of policing non-jurisdictional questions regarding the propriety of removal, permitting them to assert a procedural defect or to waive the defect if they choose to remain in the federal forum.'"). When a procedural defect is timely raised, the removing party bears the burden of proving that removal was proper. 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (Westlaw, last updated April 2022).

　　　　OCI argues that the defendants' notice of removal is untimely. Docket No. 11, pgs. 7–8. The defendants counter that OCI has waived its objection to this procedural defect by failing to raise it within thirty days. Docket No. 16, pg. 3. But

that is not true. The defendants filed their notice of removal on January 20, 2022. Docket No. 1. So OCI's window to file a motion to remand based on procedural defects closed February 22nd—the day it filed its motion. Docket No. 11. We will explain why.

Federal Rule of Civil Procedure 6 governs how to compute a time period set out in a statute unless the statute says otherwise. FED. R. CIV. P. 6(a). That rule says that in computing time periods, we exclude the day that triggers the period, count every day including intermediate weekends and holidays, and, if the last day falls on a weekend or holiday, run the period until the end of the next day that is not a weekend or holiday. FED. R. CIV. P. 6(a)(1)(A)–(C). And its definition of a holiday includes, as relevant here, Washington's Birthday (President's Day). FED. R. CIV. P. 6(a)(6)(A). Because the defendants' notice of removal filed on January 20th triggered OCI's thirty-day window to file a motion to remand based on procedural defects, day one was January 21st and day thirty was February 19th. February 19th

was a Saturday. February 20th was a Sunday. February 21st was Washington's Birthday (President's Day). That means OCI's thirty-day window continued until, and ended on, February 22nd. Because it filed its motion to remand that day, OCI has not waived its objection to the timeliness of the defendants' notice of removal.

　　Now we turn to whether the defendants' notice of removal is timely. Both sides appear to agree that the underlying administrative proceedings began on April 27, 2016, when the Cooperative of Owners of Private Clinical Laboratories of Puerto Rico ("Cooperative") filed a complaint with OCI against the defendants. Docket No. 11, pg. 3; Docket No. 16, pg. 2. The defendants contend that these proceedings did not become a "full administrative proceeding" until August 31, 2021, when OCI sanctioned them for not complying with its document requests. Docket No. 16, pg. 3. On September 8, 2021, the defendants filed a motion challenging OCI's jurisdiction. *Id.* And, they say, because OCI never ruled on this motion, they removed the case here. *Id.*

They filed their notice of removal on January 20, 2022. Docket No. 1. Going back in time by thirty days, the defendants need to point us to a paper they received no earlier than December 21, 2021, that is either an initial pleading or one from which it could first be ascertained that this case is removable. They have not done so. And our own review of the record reveals no such paper. Thus, their notice of removal is untimely.

　　　　The defendants' last line of defense is that the thirty-day time period is not jurisdictional. Docket No. 16, pg. 3. That does not help them. The thirty-day time period is procedural, rather than jurisdictional, in the sense that it can be waived if it is not timely raised. *Universal Truck & Equip. Co.*, 765 F.3d at 110; *see also Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 75 (1st Cir. 2009) ("[A] defect in the removal process . . . is not considered to be a jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived and the action may proceed in federal court."). But absent waiver, "federal courts rigorously enforce [§ 1446(b)]'s thirty-day filing requirement." *Somlyo v. J. Lu-Rob Enters., Inc.*,

| COMM'R OF INS. OF P.R. v. MMM HEALTHCARE, INC. ET AL. | Page 7 |
|---|---|

932 F.2d 1043, 1046 (2d Cir. 1991). So too here.

In sum, because the defendants did not file their notice of removal within one of their two thirty-day windows to do so, the Court **REMANDS** this case to the Office of the Commissioner of Insurance of Puerto Rico. We pass no judgment on the merits.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of August 2022.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE